JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEST BRANDS CONSUMER
PRODUCTS INC.,

        Plaintiff,

v.

FUNKY RICO, INC.,

        Defendant.

Civil Action No.

**14 CV 1482**

(JURY TRIAL DEMANDED)

RECEIVED
MAR 04 2014
U.S.D.C. S.D. N.Y.

## COMPLAINT

Plaintiff Best Brands Consumer Products ("Best Brands" or "Plaintiff"), by its
attorneys, hereby complains of Defendants Funky Rico, Inc. ("Funky Rico" or
"Defendant") and alleges as follows, upon actual knowledge with respect to itself and its
own acts, upon information and belief as to all other matters:

### INTRODUCTION

1.    Best Brands brings this action seeking declaratory judgment that Best
Brands' cellular phone holder does not infringe Defendants' Design Patent No. D669,462
("the '462 patent") entitled Flexible Cellular Phone Holder.  Best Brands also seeks
declaratory judgment that the '462 patent is invalid.  Best Brands further seeks
declaratory judgment that Funky Rico has no damages until it properly notified Best
Brands because Defendant incorrectly marked the '462 patent number on its products.
Best Brands further seeks declaratory judgment that the parties' oral settlement
agreement should be enforced, and that Funky Rico breached that agreement by not
abiding by the terms thereto.

## THE PARTIES

2.     Best Brands is a corporation organized and existing under the laws of the State of New York having a place of business at 25 Merrick Avenue, Suite 2, Merrick, New York, 11566, and having a further place of business at 20 West 33rd Street, 5th Floor, New York, New York 10001.

3.     Upon information and belief, Funky Rico is a corporation organized and existing under the laws of the State of Florida having a principal place of business at 4530 North Hiatus Rd. Suite 113 Sunrise, Florida 33351.

## JURISDICTION AND VENUE

4.     This is an action arising under the Patent Laws of the United States, 35 U.S.C. §§101 and 171 *et seq*. and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has personal jurisdiction over Defendant and venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district.  Defendant transacts and does business, including selling and promoting products containing the patented designs that Defendant asserts that Best Brands has infringed.

## FACTS

## DEFENDANT FUNKY RICO'S BREACH OF CONTRACT

7.      Best Brands is a company that sells consumer products.

8.      Best Brands offers the cellular phone holder product at issue in this litigation for sale to customers in the United States.  An image of its cell phone holder is attached hereto as Exhibit 1.

9.      On December 9, 2013, the principals of Funky Rico and Best Brands had an oral conversation in which Funky Rico verbally alleged that Best Brands' product infringed Funky Rico's patent.  This was followed up by an email dated December 9, 2013, in which Funky Rico sent Best Brands its patent and images of the Best Brands products for analysis.

10.      On or about December 11, 2013, Funky Rico sent an email to Wal-Mart Stores Inc. ("Walmart"), a customer of Best Brands, requesting that Walmart cease and desist from selling the Best Brands' cellular phone holder product because it allegedly infringed the '462 patent.

11.      Funky Rico then contacted Walmart's legal department by phone and accused Walmart of infringement of the '462 patent and threatened litigation against Walmart.

12.      On December 13, 2012, Walmart contacted Best Brands at which time Best Brands agreed to indemnify its customer.

13.      On January 13, 2014, the parties discussed and ultimately agreed to the terms of a settlement agreement regarding Funky Rico's alleged allegations of infringement of the '462 patent.

14.   The agreed upon terms of the parties were as follows:

- Best Brands would pay Funky Rico $0.15 for every unit shipped including what had already been shipped.
- There would be a license from Funky Rico to Best Brands on the '462 patent.
- Best Brands would report royalties on a quarterly basis and pay within 30 days after the end of each quarter.
- Best Brands would not have to indicate on its packaging that the design is being licensed from Funky Rico.

15.   In view of the agreed to terms by the parties, Best Brands' counsel prepared a license agreement directed thereto.

16.   Shortly after the license agreement was drafted, Funky Rico reneged on its oral agreement to settle and indicated that it was no longer willing to honor the agreement, but would rather pursue litigation.

17.   In a telephone call between the parties, Funky Rico reiterated that it would not honor the parties' oral Agreement.  Instead, it would sue Best Brands and Walmart and force the parties to all spend significant funds to fight this matter.

18.   Funky Rico has breached the contract by not abiding by the parties' oral settlement agreement.

19.   Best Brands is being damaged by Funky Rico's breach, and such damage will continue until Funky Rico honors its agreement, and/or drops its claims, and/or relief is obtained from this Court.

20.   Funky Rico should be required to abide by the negotiated and agreed terms of the parties' agreement and/or drop its claims.

**DEFENDANT'S THREAT OF LITIGATION**

4

21.     Funky Rico has alleged that sales of Best Brands' product constitutes patent infringement and has asserted that it would bring a lawsuit against Best Brands and Walmart for the same.

22.      Funky Rico has threatened litigation against both Best Brands and Walmart on separate occasions.

23.     As a result of Defendant's threats of litigation and the circumstances surrounding those threats, an actual, present, and justiciable controversy has arisen between Best Brands and Funky Rico regarding Best Brands' sale of its cellular phone holder product.

**PLAINTIFF'S NON-INFRINGEMENT OF
DEFENDANT'S ALLEGED PATENT**

24.     Funky Rico is listed as the assignee of the '462 patent.

25.     The '462 patent is limited in scope to the design set forth in the figures in the patent.

26.     There are many differences between the visual appearance of Best Brands' Handibot and the design covered by the '462 patent.

27.     Best Brands' Handibot Handyman Cell Phone Holder is a cell phone holder modeled after a robot.  In contrast, Defendant's '462 patent has a figure resembling a "butler."

28.     As a further example, the Handibot has an antenna on top of the robot's "head" which does not exist in the '462 patent to the "butler" figure.

29.     As a further example, the Handibot has square robot shaped arms, and robot hands, which are different from the human arms, and human hands with fingers required by the '462 patent.

30.     As a further example, the Handibot has a rectangular boxy body which is different from the shape of the product required by the '462 patent.

31.     As a further example, the back of the Handibot product has four robot-like screws which is different from the smooth backside of the design in the '462 patent.

32.     As a further example, the '462 patent discloses buttons on its front which are not found in the Handibot product.  Those buttons are in solid lines in the patent, not dotted broken lines, which means that those particular elements are a requirement of the patent.

33.     Best Brands' product does not infringe on the '462 patent as the product does not look substantially the same as the design required by the '462 patent.

## INVALIDITY OF
## DEFENDANT'S ALLEGED PATENT

34.     The '462 patent is invalid and unenforceable for failure to comply with one or more of the conditions for patentability set forth in the Patent Laws of the United States Code, Title 35 at least in Sections 102, 103, 112, and 171.

35.     The '462 patent should be declared invalid due to the functional nature of Funky Rico's product.

36.     Funky Rico's patent, including but not limited to, the arms and legs, is directed to a set of functional features used to hold the cellular phone.

6

37.     Funky Rico cannot legally own or assert design patent rights to a functional design.

## LACK OF DAMAGES DUE TO
## DEFENDANT'S INCORRECT PATENT MARKING

38.     According to the patent marking statute, 35 U.S.C. §287, in order to be entitled to monetary damages, Funky Rico was required to mark the accurate '462 patent number on its products that were allegedly covered by the patent.

39.     Funky Rico failed to abide by this statute.  In fact, Funky Rico mismarked its products and labeled them with the wrong patent number.

40.     According to the patent marking statute, in the event of a failure to correctly mark, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."

41.     Funky Rico's improper marking of its products estops Funky Rico to collect damages until Funky Rico's provision of actual notice under 35 U.S.C. §287 or its filing of a Complaint.

42.     Due to its failure to mark, Funky Rico has not suffered any legally cognizable damages as a result of Best Brands' alleged improper conduct.

## COUNT I

### (Declaration of Defendant's Breach of Contract)

43.     Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

44.     The parties entered into an oral contract to settle this matter and agreed to enter into a licensing agreement with the following terms:

- Best Brands would pay Funky Rico $0.15 for every unit shipped including what has already been shipped.
- • There would be a license from Funky Rico to Best Brands on the '462 patent. .
- Best Brands would report royalties on a quarterly basis and pay within 30 days after the end of each quarter.
- Best Brands would not have to indicate on its packaging that the design is being licensed from Funky Rico.

45.     Best Brands relied on this settlement and the fact that this matter was no longer in dispute.  Best Brands therefore continued to sell its product.

46.     There was a material breach of this oral contract by Funky Rico as it decided not to honor its oral agreement.

47.     Best Brands has been damaged by this breach as it must now enter into litigation and there was and continues to be interference with Best Brands' sales of its flexible cellular phone holder product to its customers, specifically Walmart.

48.     Best Brands seeks declaratory judgment that Defendant has breached the contract and that the settlement agreement remains enforceable to settle this matter.

49.     Best Brands further seeks a declaratory judgment that the parties' Defendant's agreement has established the agreed upon level of alleged damages in this matter.

## COUNT II

### (Declaration of Non-Infringement of Defendant's Alleged Patent)

50.      Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

8

51.     Defendant has asserted that Best Brands' sale of its Handibot product infringes the '462 patent and has threatened to bring a lawsuit against Best Brands, as well as its customer Walmart.  An actual, present, and justiciable controversy has arisen between Defendant and Best Brands concerning Best Brands' use and sale of its Handibot cellular phone holder.

52.     Best Brands seeks declaratory judgment that its manufacture, use, offer for sale, and/or sale of the cellular phone holder product does not infringe on Funky Rico's alleged design patent, and does not otherwise violate any of Defendant's patent rights under federal law including, but not limited to, 35 U.S.C. §§ 101 and 171, *et seq.*

## COUNT III

### (Declaration of Invalidity and Unenforceability of Defendant's Alleged Patent)

53.     Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

54.     The '462 patent for a flexible cellular phone holder is functional and should therefore be invalidated.

55.     Best Brands seeks declaratory judgment that the '462 patent is invalid and/or unenforceable, for at least these grounds, and for any and all other grounds of invalidity and unenforceability available under federal law, the Patent Act, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and 171.

56.     Best Brands reserves the right to amend its allegations and/or this Complaint to add any further defenses once further discovery has been conducted in this matter.

9

## COUNT IV

### (Declaration of Lack of Damages to Defendant)

57.    Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

58.    According to the patent marking statute, 35 U.S.C. §287, Funky Rico was required to mark the patent number on its products in order to give notice to the public as a prerequisite for recovery of damages.

59.    Funky Rico mismarked its products, having labeled them with the wrong patent number.

60.    According to the patent marking statute in the event of failure to correctly mark, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."

61.    Best Brands seeks declaratory judgment that Funky Rico has no claim for monetary damages from Best Brands' alleged activities until such date of actual notice, if any.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the Patent Act, 35 U.S.C. §§ 101 and 171, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C.  §§ 2201 and 2202, Best Brands prays for relief as follows:

A.    Declare that Defendant has breached the oral agreement between the

10

parties.

B.     Declare that Defendant will be held to the agreed upon terms of the

parties' settlement agreement.

C.     Declare that Best Brands and its affiliates and related companies and their

customers and suppliers have the right to use, sell, offer for sale the Handibot product and

that this product does not infringe Defendant's design patent rights, if any.

D.     Declare that Funky Rico's the '462 patent entitled "Flexible Cellular

Phone Holder" is invalid and unenforceable.

E.     Declare that Funky Rico has improperly marked its products thereby

precluding it from obtaining any damages from Best Brands until Best Brands was

properly notified.

F.     Awarding Best Brands its costs and Attorney's fees under 15 U.S.C. §

1117 and 35 U.S.C § 285, and any other applicable laws.

G.     Awarding such other relief as this Court may deem just and proper.

Dated: March 4, 2014

Morris E. Cohen (MC-4620)
Lee A. Goldberg (LG-9423)
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 4th Floor
New York, New York 10019
(646) 380-2087 (phone)
(646) 514-2123 (fax)
MCohen@GoldbergCohen.com
LGoldberg@GoldbergCohen.com

11

# EXHIBIT 1